UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                   )
                                         )
Maria J. Freeman,                        )         Case No.: 13-10017-BKC-JKO
                                         )
        Debtor in Possession.            )         Chapter 11
_____)

**ESTATE OF CHRISTOPHER VALLI'S MOTION FOR RELIEF FROM STAY**

---

**NOTICE OF OPPORUNITY
TO OBJECT AND FOR HEARING**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS
MOTION WITHIN 14 DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL,
PURSUANT TO LOCAL RULE 4001-1(C), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN
ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

---

Karen Valli, as Personal Representative of the Estate of Christopher Valli, deceased, by

and through the undersigned attorneys, moves for relief from the automatic stay to permit the

Estate to liquidate in state court its wrongful death claim against the debtor. As grounds therefor,

the movant alleges as follows:

     1.    On January 2, 2013, the debtor filed a petition for relief under Chapter 11 of the

Bankruptcy Code in this Court. The movant intends to request a jury trial which, pursuant to 28

U.S.C. §§ 157(b)(2)(B), 157(b)(5) and 1411(a), cannot be held in the bankruptcy court.

     2.    On January 1, 2013, a date prior to the filing of the bankruptcy petition, the debtor

negligently maintained and operated her premises located at 907 NW 4th Street, Fort Lauderdale,

Broward County, Florida and as a direct and proximate result of the aforementioned and other

negligence of the Debtor, Maria Freeman, Christopher R. Valli, deceased, was shot and killed. A

copy of the Complaint in Broward County case number CACE-2014-014919, which sets forth

more fully the alleged acts of the debtor, is attached as Exhibit A.

3.      As a consequence, the movant, as personal representative of the Estate of Christopher R. Valli, is a potential creditor of the bankruptcy estate, although the movant's claim is unliquidated.

4.      Although movant's counsel sent several letters to the debtor notifying her of the claim against her by regular and Certified Mail beginning on January 17, 2013, to the addresses on file with the Broward County Property Appraiser and the Florida Secretary of State, all such mail was either returned or did not prompt a response. Copies of such correspondence are attached as Exhibit B.

5.      Neither movant nor counsel for movant received notice of the bankruptcy until after service of process in the aforementioned state court lawsuit, some time after September 3, 2014. The debtor filed a Suggestion of Bankruptcy in the state court case on September 10, 2014.

6.      On information and belief, at the time of the aforementioned acts of negligence, as described more fully in the Complaint, the debtor maintained a policy of insurance that contains coverage for personal liability and medical payments.

7.      The movant desires to continue prosecuting a pending civil action against the debtor in state court for the purpose of liquidating the claim, enforcing judgment against the proceeds of applicable insurance, and, with further leave of this court, to share in the distribution of the estate with other creditors should the judgment in state court exceed the available insurance proceeds.

8.      There would be a savings in judicial resources and in the costs to the parties if the amount of the claim were liquidated in the state courts in Broward County, Florida. The witnesses (including the movant) live in Florida, the subject property is located in Florida, and

the injuries occurred in Florida. The bankruptcy and district courts would ordinarily be expected to abstain in favor of state courts, pursuant to 28 U.S.C. § 1334(c)(2).

9.      The movant further seeks determination that any bankruptcy stay does not extend to the other defendants in the state court action.

10.     The movants' ability to recover from any collateral sources, including insurance policies, may be dependent upon obtaining an adjudication of the amount of liability of the debtor in a proceeding in which the debtor is joined as a defendant. The movants would agree not to seek to execute upon any property of the debtor without first seeking further relief from this Court.

11.     The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit the movant to take those steps and for such relief described in the preceding paragraphs.

WHEREFORE, the movant prays that this Honorable Court will grant her motion for relief from 11 U.S.C. § 362(a) and allow her to proceed with a suit in state court against the debtor for the purpose of liquidating the amount of the claim, and to recover against the debtor's insurance carriers and other collateral sources, but not to attempt to execute upon or enforce judgment against the debtor or her property except with further permission of this court

DATED:  October 15, 2014.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion has been served either by electronic service or standard first class mail on this 15th day of October, 2014 to ALL PARTIES ON THE ATTACHED SERVICE LIST.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
Co-Counsel for Movant
101 NE Third Ave., Suite 1800
Ft. Lauderdale, FL 33301
954-462-8000
954-462-4300 (fax)


By: /s/ Craig A. Pugatch
    Craig A. Pugatch.
    Florida Bar No. 653381
    capugatch@rprslaw.com

Filing # 16650503 Electronically Filed 08/01/2014 11:24:31 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

GENERAL CIVIL DIVISION

CASE NO.:

KAREN VALLI, as Personal Representative of the Estate of Christopher R. Valli, deceased,

      Plaintiff,

v.

MARIA FREEMAN, individually, 3RD STEP MENTAL HEALTH CENTER, INC., a Florida corporation, 3RD STEP RECOVERY GROUP, INC., a Florida corporation, 3RD STEP RECOVERY HOUSING GROUP, INC., a Florida Corporation, and 3RD STEP RECOVERY TREATMENT GROUP, INC., a Florida corporation,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KAREN VALLI, as Personal Representative of

the Estate of Christopher R. Valli, deceased, by and through undersigned counsel,

sues the defendants, MARIA FREEMAN, individually; 3RD STEP MENTAL

HEALTH CENTER, INC., a Florida corporation; 3RD STEP RECOVERY GROUP,

INC., a Florida corporation; 3RD STEP RECOVERY HOUSING GROUP, INC., a



**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

Florida corporation; and, 3ʳᵈ STEP RECOVERY TREATMENT GROUP, INC., a Florida corporation; for damages and alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2.     Plaintiff Karen Valli is or will be the duly appointed Personal Representative of the Estate of Christopher R. Valli, deceased. At all times material hereto, Plaintiff Karen Valli was over the age of eighteen (18), a resident of Broward County, and otherwise *sui juris*.

3.     At all times material hereto, Christopher R. Valli, deceased, was a resident of Broward County, Florida.

4.     At all times material hereto, the Plaintiff Karen Valli, was the natural mother of Christopher R. Valli, deceased, and is a survivor pursuant to the Florida Wrongful Death Act, specifically Fla. Stat. § 768.18(1).

## COUNT I
### Negligence Against Maria Freeman – Premises Liability

Plaintiff realleges and readopts paragraphs 1 – 4 as if set forth fully herein and further alleges:

5.     At all times material hereto, the Defendant Maria Freeman was a resident of Broward County, Florida.

6.     At all times material hereto, the Defendant Maria Freeman, owned and managed the real property, improvements, and residences situated thereon

located at 907 NW 4th Street, Fort Lauderdale, Broward County, Florida, which is also known and designated as Lot 13, Block 7, Tuskegee Park, according to the Plat thereof, as recorded in Plat Book 3, at Page 9, of the Public Records of Broward County, Florida, which is hereinafter referred to as "the Premises."

7.    Defendant, Maria Freeman, held the Premises out as suitable as a "half-way house" or housing for people undergoing treatment for addiction.

8.    Defendant, Maria Freeman, operated the Premises as a "half-way house" or housing for people undergoing treatment for addiction.

9.    On January 1, 2013, the deceased, Christopher R. Valli, was on the Premises as a business invitee or tenant.

10.    On January 1, 2013, while in his apartment on the Premises, one or more unidentified party or parties shot and killed Christopher R. Valli.

11.    At all times material hereto, the Defendant, Maria Freeman, had the duty to use reasonable care to maintain the premises in a reasonably safe condition commensurate with the activities conducted thereon, and to prevent harm to business invitees and/or tenants such as the deceased, Christopher R. Valli, from foreseeable criminal activities that she knew or should have known occurred on said premises and of which she failed to warn said business invitees and/or tenants of the dangerous activities or to prevent such activities from injuring business invitees and/or tenants, and, in particular, Christopher R. Valli, the deceased.

12.    Furthermore, the Defendant had the duty to use reasonable care to prevent or mitigate harm to tenants, specifically to Christopher R. Valli, that might

arise by virtue of the use of the premises as housing for people recovering from substance abuse, including the specific harm that drug dealers or other criminals might attempt to enter the premises with or without the invitation of the residents.

13.    At the above time and place, the Defendant, Maria Freeman, individually and by and through her representatives, agents, servants, and employees breached her duty to exercise reasonable care for the safety of patrons, tenants, and invitees on the subject premises, and in particular Christopher R. Valli, deceased, and acted in a careless and negligent manner through the following acts, omissions, or commissions:

a.    Failing to provide adequate security for the users, customers, tenants, and invitees of the Premises, included the deceased, Christopher R. Valli;

b.    Failing to warn patrons, tenants, and invitees, including Christopher R. Valli, deceased, of the nature and character of the Premises, its apartments, common areas, and surround areas when she knew or in the exercise of reasonable care should have know that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on or near the Premises and in the immediate vicinity and surround areas of the premises prior to the subject incident;

c.    Failing to warn, protect, guard, and secure the safety of patrons, invitees, tenants and other similarly situated members of the

public and tenants, including Christopher R. Valli, deceased, when she knew or should have known that the subject premises had a history of similar criminal acts being committed in the surrounding areas, thereby creating a dangerous condition to those individuals;

       d.    Failing to police, patrol, guard, deter, and otherwise provide adequate security and protection for patrons, tenants, and invitees on said premises, when she knew or should have known of foreseeable criminal acts;

       e.    Failing to implement adequate security policies, security measures, and security procedures necessary to protect Christopher R. Valli, deceased, and other tenants, patrons and invitees of the premises;

       f.    Failing to provide any lighting for the premises or sufficient lighting for the premises, including the parking areas and common areas;

       g.    Failing to provide any access control or security systems, or sufficient access control and security systems for the premises given its use;

       h.    Failing to train her employees to minimize the risk of criminal activity on the Premises, consistent with its use, sanctioned by Ms. Freeman, as a "half-way house" or housing for people undergoing drug treatment;

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

   i.  Failing to supervise her employees to minimize the risk of criminal activity on the Premises, consistent with its use, sanctioned by Ms. Freeman, as a "half-way house" or housing for people undergoing treatment for addiction;

   j.  Failing to implement adequate procedures necessary to safeguard tenants and invitees from criminal activities that she knew or should have know were foreseeable given the use of the property as a "half-way house" or housing for people undergoing treatment for addiction;

   k.  Failing to have any or an adequate number of lights and surveillance cameras on the premises, including but not limited to the parking lot where the instant incident occurred; and/or

   l.  Additional acts, omissions, or commissions constituting negligence not yet discovered.

  14.  As a direct and proximate result of the aforementioned negligence of the Defendant, Maria Freeman, the deceased, Christopher R. Valli, was shot and killed, and the Plaintiff, Karen Valli, as Personal Representatives of the Estate of Christopher R. Valli on behalf of the estate and on behalf of the survivors, sustained and claims damages as provided by law, including but not limited to those set forth in the Florida Wrongful Death Act, Fla. Stat. §786.11 and §786.21; to wit:

   a.  **For the Survivors:**

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

          i.      Past, present, and future loss of support and services;

          ii.     Past, present, and future mental pain and suffering;

          iii.    Medical, funeral, and burial expenses; and

b.    **For the Estate**

          i.      Loss of earnings of the deceased from the date of injury or death; and,

          ii.     Medical, funeral, and burial expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, costs of suit, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Negligence Against 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc. – Premises Liability

Plaintiff realleges and readopts paragraphs 1 – 4 as if set forth fully herein and further alleges:

15.    At all times material hereto, defendant, 3rd Step Mental Health Center, Inc., was and is a corporation organized under the laws of the State of Florida and was and is doing business in Broward County, Florida.

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

16.    At all times material hereto, defendant, 3rd Step Recovery Group, Inc., was and is a corporation organized under the laws of the State of Florida and was and is doing business in Broward County, Florida.

17.    At all times material hereto, defendant, 3rd Step Recovery Housing Group, Inc., was and is a corporation organized under the laws of the State of Florida and was and is doing business in Broward County, Florida.

18.    At all times material hereto, defendant, 3rd Step Recovery Treatment Group, Inc., was and is a corporation organized under the laws of the State of Florida and was and is doing business in Broward County, Florida.

19.    At all times material hereto, the Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, managed, oversaw, directed, and/or had control over the real property, improvements, and residences situated thereon located at 907 NW 4th Street, Fort Lauderdale, Broward County, Florida, which is also known and designated as Lot 13, Block 7, Tuskegee Park, according to the Plat thereof, as recorded in Plat Book 3, at Page 9, of the Public Records of Broward County, Florida, which is hereinafter referred to as "the Premises," and maintained control of the same.

20.    Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, held

the Premises out as suitable as a "half-way house" or housing for people undergoing treatment for addiction.

21.     Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, operated the Premises as a "half-way house" or housing for people undergoing treatment for addiction.

22.     On January 1, 2013, the deceased, Christopher R. Valli, was on the Premises as a business invitee or tenant.

23.     On January 1, 2013, while in his apartment on the Premises, one or more unidentified party or parties shot and killed Christopher R. Valli.

24.     At all times material hereto, the Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, had the duty to use reasonable care to maintain the premises in a reasonably safe condition commensurate with the activities conducted thereon, and to prevent harm to business invitees and/or tenants such as the deceased, Christopher R. Valli, from foreseeable criminal activities that they knew or should have known occurred on said premises and of which they failed to warn said business invitees and/or tenants of the dangerous activities or to prevent such activities from injuring business invitees and/or tenants, and, in particular, Christopher R. Valli, the deceased.

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

25.    At the above time and place, the Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, individually and by and through their directors, officers, representatives, agents, servants, and employees breached their duty to exercise reasonable care for the safety of patrons, tenants, and invitees on the subject premises, and in particular Christopher R. Valli, deceased, and acted in a careless and negligent manner through the following acts, omissions, or commissions:

a.    Failing to provide adequate security for the users, customers, tenants, and invitees of the Premises, included the deceased, Christopher R. Valli;

b.    Failing to warn patrons, tenants, and invitees, including Christopher R. Valli, deceased, of the nature and character of the Premises, its apartments, common areas, and surround areas when she knew or in the exercise of reasonable care should have know that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on or near the Premises and in the immediate vicinity and surround areas of the premises prior to the subject incident;

c.    Failing to warn, protect, guard, and secure the safety of patrons, invitees, tenants and other similarly situated members of the public and tenants, including Christopher R. Valli, deceased, when she

Jared F. Bossola, PLC
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

knew or should have known that the subject premises had a history of similar criminal acts being committed in the surrounding areas, thereby creating a dangerous condition to those individuals;

  d.  Failing to police, patrol, guard, deter, and otherwise provide adequate security and protection for patrons, tenants, and invitees on said premises, when she knew or should have known of foreseeable criminal acts;

  e.  Failing to implement adequate security policies, security measures, and security procedures necessary to protect Christopher R. Valli, deceased, and other tenants, patrons and invitees of the premises;

  f.  Failing to provide any or adequate lighting for the premises or sufficient lighting for the premises, including the parking areas and common areas;

  g.  Failing to provide any access control or security systems, or sufficient access control and security systems for the premises given its use;

  h.  Failing to train employees to minimize the risk of criminal activity on the Premises, consistent with its use, sanctioned by Defendants, as a "half-way house" or housing for people undergoing drug treatment;

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

         i.     Failing to supervise employees to minimize the risk of criminal activity on the Premises, consistent with its use, sanctioned by Defendants, as a "half-way house" or housing for people undergoing treatment for addiction;

         j.     Failing to implement adequate procedures necessary to safeguard tenants and invitees from criminal activities that they knew or should have know were foreseeable given the use of the property as a "half-way house" or housing for people undergoing treatment for addiction;

         k.     Failing to have any or an adequate number of lights and surveillance cameras on the premises, including but not limited to the area where the instant incident occurred;

         l.     Failure to protect against the specific risk of drug dealers entering the premises, which risk was known or should have been known by virtue of the use for which Defendant held out the premises; and/or

         m.    Additional acts, omissions, or commissions constituting negligence not yet discovered.

26.    As a direct and proximate result of the aforementioned negligence of the Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, the deceased,

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

Christopher R. Valli, was shot and killed, and the Plaintiff, Karen Valli, as Personal Representatives of the Estate of Christopher R. Valli on behalf of the estate and on behalf of the survivors, sustained and claims damages as provided by law, including but not limited to those set forth in the Florida Wrongful Death Act, Fla. Stat. §786.11 and §786.21; to wit:

a. **For the Survivors:**

 i. Past, present, and future loss of support and services;

 ii. Past, present, and future mental pain and suffering;

 iii. Medical, funeral, and burial expenses; and

b. **For the Estate**

 i. Loss of earnings of the deceased from the date of injury or death; and,

 ii. Medical funeral, and burial expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, costs of suit, and such other and further relief as the Court may deem just and proper.

<u>**COUNT III**</u>
**Breach of Special Duty of Care as to all Defendants**

Plaintiff realleges and readopts paragraphs 1 – 4, 5, and 15 – 18 as if set forth fully herein and further alleges:

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

27.   At all times material hereto, Defendant Maria Freeman and Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, jointly undertook to manage, operate, and/or control the "Premises" as housing for patients undergoing therapy and/or treatment for substance abuse.

28.   At all times material hereto, Christopher R. Valli, deceased, was a patient of Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, and was undergoing treatment for substance abuse and/or addiction.

29.   Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, lodged Christopher Valli at the subject "Premises" and held such premises out to him as suitable for the purposes of housing while undergoing treatment.

30.   Defendants, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, did not provide Christopher R. Valli with any other choice of housing while undergoing treatment.

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

31.    Christopher R. Valli, deceased, surrendered control of his circumstances and his ability to protect himself from exterior harms to Defendants, Maria Freeman, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof.

32.    Defendants, Maria Freeman, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, effectively took custody of Christopher R. Valli so as to deprive him of his normal opportunities for protection.

33.    By virtue of the special relationship between Christopher R. Valli and Defendants, one of them, all of them, or some combination thereof, Defendants owed a duty to Mr. Valli to protect him from unreasonable risk, including risks brought about by his own conduct and/or by conduct of third persons, including criminal conduct.

34.    On January 1, 2013, the deceased, Christopher R. Valli, was on the Premises selected for him by the Defendants, as set forth previously.

35.    On January 1, 2013, while in the housing selected on the Premises selected for him by the Defendants, one or more unidentified party or parties shot and killed Christopher R. Valli.

36.    Defendants, Maria Freeman, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, breached this duty of care to Christopher R. Valli in one or more of the following ways so as to constitute negligence:

      a.    Failure to provide housing appropriate for his unique situation as a person undergoing treatment for substance abuse;

      b.    Failure to protect him from his own actions, particularly drug-seeking behavior, especially when such actions were the very risk against which Defendants had a duty to protect him;

      c.    Failure to protect Christopher R. Valli from third parties who, by virtue of Mr. Valli's substance abuse problem, might seek to provide him with drugs or alcohol, or who might seek to harm him in connection with his use or desire to use such substances;

      d.    Failure to monitor Christopher R. Valli for drug-seeking behavior;

      e.    Failure to train and/or control employees, staff, and agents in appropriate procedures to avoid creating a heightened risk of drug seeking or drug use that foreseeably would result in violence; and/or

      f.    Additional acts, omissions, or commissions constituting negligence and/or breach of duty not yet discovered.

37.    As a direct and proximate result of the aforementioned negligence of the Defendants, Maria Freeman, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery

Treatment Group, Inc., all of them, one of them, or some combination thereof, the deceased, Christopher R. Valli, was shot and killed, and the Plaintiff, Karen Valli, as Personal Representatives of the Estate of Christopher R. Valli on behalf of the estate and on behalf of the survivors, sustained and claims damages as provided by law, including but not limited to those set forth in the Florida Wrong Death Act, Fla. Stat. § 786.11 and § 786.21; to wit:

a.    **For the Survivors:**

    i.    Past, present, and future loss of support and services;

    ii.    Past, present, and future mental pain and suffering;

    iii.    Medical, funeral, and burial expenses; and

b.    **For the Estate**

    i.    Loss of earnings of the deceased from the date of injury or death; and,

    ii.    Medical funeral, and burial expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, costs of suit, and such other and further relief as the Court may deem just and proper.

**COUNT IV**
**Violation of Fla. Stat. § 83.51 as to all Defendants**

Plaintiff realleges and readopts paragraphs 1 – 4, 5, and 15 – 18 as if set forth fully herein and further alleges:

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

38. At all times material, Plaintiff, Christopher R. Valli, deceased, was a tenant at 907 NW 4th Street, Fort Lauderdale, Broward County, Florida, which is also known and designated as Lot 13, Block 7, Tuskegee Park, according to the Plat thereof, as recorded in Plat Book 3, at Page 9, of the Public Records of Broward County, Florida, which is hereinafter referred to as "the Premises."

39. At all times material hereto, the Defendants, Maria Freeman, 3rd Step Mental Health Center, Inc., 3rd Step Recovery Group, Inc., 3rd Step Recovery Housing Group, Inc., and 3rd Step Recovery Treatment Group, Inc., all of them, one of them, or some combination thereof, owned, managed, oversaw, directed, and/or had control over the "Premises."

40. At all times material, including January 1, 2013, the Defendants owed a duty to the Plaintiff consistent with Florida Statutes § 83.51(2)(a), including a duty to make reasonable provisions for the safe condition of common areas.

41. Said duty included but was not limited to providing reasonable security and lighting in a reasonable effort to deter opportunistic violent or potentially violent crime.

42. The Defendant breached its duty to the Plaintiff under Florida Statutes § 83.51 by failing to provide a safe condition of common areas, which proximately caused the Plaintiff serious and permanent injuries and death as set forth herein.

43. As a direct and proximate result of the above described breach of duty as imposed by statute of said defendants, Plaintiff, Christopher R. Valli, was

criminally attacked, assaulted, robbed, battered and shot and killed on the Premises; thus, the Plaintiff, Karen Valli, as Personal Representatives of the Estate of Christopher R. Valli on behalf of the estate and on behalf of the survivors, sustained and claims damages as provided by law, including but not limited to those set forth in the Florida Wrongful Death Act, Fla. Stat. § 786.11 and § 786.21; to wit:

   a.   **For the Survivors:**

       i.   Past, present, and future loss of support and services;

       ii.   Past, present, and future mental pain and suffering;

       iii.   Medical, funeral, and burial expenses; and

   b.   **For the Estate**

       i.   Loss of earnings of the deceased from the date of injury or death; and,

       ii.   Medical funeral, and burial expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages in excess of $15,000.00, costs of suit, and such other and further relief as the Court may deem just and proper.

**Jared F. Bossola, PLC**
2720 North University Drive | Coral Springs, FL 33065 | (954) 357-3456 | pleadings@wrongscanberighted.com

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable as a matter of right.

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

Attorney for plaintiffs, Jared F. Bossola, Esq., hereby designates the following e-mail addresses for service in accordance with Fla. R. Jud. Admin. 2.516:

Primary:    jared@jfbossola.com

Secondary:  brendan@jfbossola.com
            pleadings@wrongscanberighted.com

DATED this 1st day of August, 2014.

Respectfully submitted,

**JARED F. BOSSOLA, PLC**
Attorneys for the Plaintiffs
2720 North University Drive
Coral Springs, FL 33065
T:    (954) 357-3456
E:    jared@jfbossola.com **(primary)**
      brendan@jfbossola.com
      pleadings@wrongscanberighted.com

By:_____
     JARED F. BOSSOLA, ESQ.
     Fla. Bar No.:  752061

# Jared F. Bossola, PLC

| | Jared F. Bossola |
|---|---|
| | Also admitted in |
| | Washington, D.C. |
| 2720 North University Drive | |
| Coral Springs, FL 33065 | E-mail: Jared@jfbossola.com |
| T: (954) 357-3456 | |
| F: (954) 357-3457 | |
| www.jfbossola.com | |

January 17, 2013

VIA CERTIFIED MAIL/RRR 9414 7112 0108 0672 1233 48

Ms. Maria Freeman
547 NW 9 AVE STE 1
Ft. Lauderdale, FL 33311

Re:     Property:        Tuskegee Park 3-9 B Lot 13 BLK 7

       Site address:   907 NW 4 ST, Fort Lauderdale, Florida

       Our clients:     Karen Valli, individually;
                      o/b/o the Estate of Christopher Valli, deceased; and
                      o/b/o the survivors of Christopher Valli, deceased
       Date of loss:   January 1, 2013

## NOTICE OF REQUIRED DISCLOSURE PURSUANT TO F.S. §627.4137

Dear Sir or Madam:

Please be advised that this law firm has been retained by the above-named client in connection with a claim for wrongful death that occurred on January 1, 2013.

Our investigation reveals that this accident was caused by reason of your negligence.

If you carry Public Liability Insurance, Homeowners Insurance, or Umbrella Insurance, I suggest that you turn this letter over to your insurance representatives as soon as possible with instructions that they contact this office so that this matter may be resolved directly with them. FAILURE TO NOTIFY YOUR INSURANCE COMPANY IMMEDIATELY MAY CAUSE THEM TO REFUSE TO PROTECT YOUR INTERESTS.

Furthermore, pursuant to Fla.Stat. §627.4137, you are <u>required</u> to provide this office with information enabling us to contact your insurance agent and your liability insurance carriers. You should also notify each affected insurer of this request for a disclosure of information. The Statute reads as follows:



EXHIBIT

"B"

627.4137 Disclosure of certain information required.—

(1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

      (a) The name of the insurer.
      (b) The name of each insured.
      (c) The limits of the liability coverage.
      (d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
      (e) A copy of the policy.

In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.

(2) The statement required by subsection (1) shall be amended immediately upon discovery of facts calling for an amendment to such statement.

(3) Any request made to a self-insured corporation pursuant to this section shall be sent by certified mail to the registered agent of the disclosing entity.

Please forward the required information to our attention within the thirty (30) days prescribed by law. You should also notify each affected insurer of this request for disclosure of information. You should know that your failure to provide the required information will force us to take those actions necessary to protect our clients' interests, including the filing of a declaratory action in addition to a lawsuit for wrongful death.

Furthermore, in the event you do not have liability insurance, you should also contact this office. In any event, we shall expect acknowledgment of this Notice from you or your representatives within ten (10) days from the date hereof. Should you not respond, we shall proceed with those legal steps which will be necessary in order to protect our client's best interests.

If you do not provide insurance information, you will be personally responsible for any judgment rendered. Such a judgment would place your personal assets and business interests at risk.

## DEMAND FOR PRESERVATION OF EVIDENCE / SPOLIATION NOTICE

You are hereby given notice not to destroy, conceal, or alter any and all documents, tangible things, electronically stored information, surveillance video, medical records, physical objects,

and any other evidence whatsoever that is potentially relevant to the issues in this case.  You have a duty to preserve all evidence and to ensure that your agents, employees, attorneys, and anyone else with access to or control over potential evidence does the same.  Failure to comply with this demand for preservation of evidence can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.  We will send a more detailed letter to you shortly.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

Jared F. Bossola

JFB:bab
Enclosures

cc:    VIA REGULAR MAIL
       Maria Freeman
       907 NW 4 ST
       Ft. Lauderdale, FL 33311

Broward County Property Appraiser's Network                    http://bcpa.net/RecInfo.asp?URL_Folio=504204050990



| Site Address | 907 NW 4 STREET , FORT LAUDERDALE | ID # | 5042 04 05 0990 |
|---|---|---|---|
| Property Owner | FREEMAN,MARIA | Millage | 0312 |
| Mailing Address | 547 NW 9 AVE STE 1 FORT LAUDERDALE FL 33311 | Use | 08 |

| Abbreviated Legal Description | TUSKEGEE PARK 3-9 B LOT 13 BLK 7 |
|---|---|

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

| Property Assessment Values |
|---|
| Click here to see 2012 Exemptions and Taxable Values to be reflected on Nov. 1, 2012 tax bill. |

| Year | Land | Building | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2013 | $21,000 | $62,200 | $83,200 | $83,200 | |
| 2012 | $21,000 | $62,200 | $83,200 | $83,180 | $2,216.49 |
| 2011 | $21,000 | $54,620 | $75,620 | $75,620 | $2,058.80 |

**IMPORTANT: The 2013 values currently shown are "roll over" values from 2012. These numbers will change frequently online as we make various adjustments until they are finalized on June 1. Please check back here AFTER June 1, 2013, to see the actual proposed 2013 assessments and portability values.**

| 2013 Exemptions and Taxable Values by Taxing Authority | | | | |
|---|---|---|---|---|
| | County | School Board | Municipal | Independent |
| Just Value | $83,200 | $83,200 | $83,200 | $83,200 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH | $83,200 | $83,200 | $83,200 | $83,200 |
| Homestead | 0 | 0 | 0 | 0 |
| Add. Homestead | 0 | 0 | 0 | 0 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $83,200 | $83,200 | $83,200 | $83,200 |

| Sales History | | | | |
|---|---|---|---|---|
| Date | Type | Price | Book | Page |
| 2/15/2007 | WD-D | $330,000 | 43715 | 1064 |
| 11/21/2001 | WD | $140,000 | 32430 | 1046 |
| 1/1/1972 | WD | $7,000 | | |

| Land Calculations | | |
|---|---|---|
| Price | Factor | Type |
| $3.00 | 7,000 | SF |
| | | |
| | | |
| | | |

Broward County Property Appraiser's Network                http://bcpa.net/RecInfo.asp?URL_Folio=504204050990

| | | | | | Adj. Bldg. S.F. (See Sketch) | 2741 |
|---|---|---|---|---|---|---|
| | | | | | Units | 4 |

| Special Assessments | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
| 03 | | | | | | | | |
| R | | | | | | | | |
| 4 | | | | | | | | |

062S0008350515

$5.950
US POSTAGE
FIRST-CLASS
FROM 33065
JAN 18 2013
stamps.com

CERTIFIED MAIL

9414 7112 0108 0672 1233 48

RETURN RECEIPT REQUESTED

Article Addressed To:

Ms Maria Freeman
547 NW 9th AV
Ft Lauderdale

33065 @5111

NIXIE

Ms Maria Freeman

330    DE 1    00 02/28/13

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 3306551120    *2306-09625-18-41

PS Form 3800 6/02

Jared F. Bossola, PLC
2720 North University Drive
Coral Springs, FL 33065

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used By Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City _____ State _____ ZIP + 4 Code

Sender:

9414 7112 0108 0672 1233 48

stamps.com

CERTIFIED MAIL

• Patents 5,575,277 •
• 5,697,648 • 5,848,809 •
• 1-UP Laser Form •
• USA CMF-154 12/11 •

062S0008350515

$5.950
US POSTAGE
FIRST-CLASS
FROM 33065
JAN 18 2013
stamps.com

Maria Freeman, R.A.

00 02/28/13

DE 1

330

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

NIXIE

BC: 33065511120    *2306-09626-18-41

CERTIFIED MAIL

9414 7112 0108 0672 4274 39

RETURN RECEIPT REQUESTED

Article Addressed To:

Maria Freeman, R.A
3rd Step Recovery
547 NW 9th AVE S
Ft Lauderdale FL 3

33065 @5111

PS Form 3800 6/02

Jared F. Bossola, PLC
2720 North University Drive
Coral Springs, FL 33065

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

UNCLAIM

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor  (Please Print Clearly)

Delivery Address

City                    State    ZIP + 4 Code

Sender:

9414 7112 0108 0672 4274 39

stamps.com

CERTIFIED MAIL

• Patents 5,573,377 •
• 5,697,648 • 5,848,809 •
• 1-UP Laser Form •
• WUSA CMF-134 12/11 •



062S0008350515

$5.950
US POSTAGE
FIRST-CLASS
FROM 33065
JAN 18 2013
stamps.com

Maria Freeman, R.A.
3rd Step Recovery Treatment Group, Inc.
547 NW 9th AVE STE 9
Ft Lauderdale FL 33311-8113

CERTIFIED MAIL

9414 7112 0108 0672 4509 01

RETURN RECEIPT REQUESTED

Article Addressed To:

Maria Freeman, R.A.
3rd Step Recovery Treatment Group, Inc.
547 NW 9th AVE STE 9
Ft Lauderdale FL 33311-8113

PS Form 3800 6/02

Jared F. Bossola, PLC
2720 North University Drive
Coral Springs, FL 33065

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                    State         ZIP + 4 Code

RETURN TO SENDER

Sender:
9414 7112 0108 0672 4509 01

stamps.com

★ Patents 5,575,277★
★5,697,648★5,848,809★
★1-UP Laser Form★
★USA CMF-154 12/11★

CERTIFIED MAIL.

002S0008350515

$5.950
US POSTAGE
FIRST-CLASS
FROM 33065
JAN 18 2013
stamps.com

A11

1-22

Maria Freeman, R.A.

00 07/28/13

330   DE 1

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 33065511120    *2306-09621-18-41

9414 7112 0108 0672 4247 73

CERTIFIED MAIL

RETURN RECEIPT REQUESTED

Article Addressed To:

Maria Freeman R A

NIXIE

3rd Step Recov
547 NW 9th AV
Ft Lauderdale F

33065

PS Form 3800 6/02

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                          State        ZIP + 4 Code

Jared F. Bossola, PLC
2720 North University Drive
Coral Springs, FL 33065

Sender:

9414 7112 0108 0672 4247 73

stamps.com

CERTIFIED MAIL

• Patents 5,573,277 •
• 5,697,648 • 5,848,809 •
• 1-UP Laser Form •
• USA CMF-134 12/11 •



082S0008350515

$5.950
US POSTAGE
FIRST-CLASS
FROM 33065
JAN 18 2013
stamps.com

CHANGE
1st Notice
2nd Notice
Return

1/22

3rd Step Recovery Group, Inc.

DE 1   00 02/15/13

334

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

RC: 33065511170   *7306-09677-18-41

CERTIFIED MAIL

9414 7112 0108 0672 6743 83

PS Form 3800 6/02

RETURN RECEIPT REQUESTED

Article Addressed To:

3rd Step Recovery Group, Inc.
3600 Broadway ST
West Palm Beach

NIXIE

33065 05777

Jared F. Bossola, PLC
2720 North University Drive
Coral Springs, FL 33065

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (if Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                     State        ZIP + 4 Code

Sender:
9414 7112 0108 0672 6743 83

stamps.com

CERTIFIED MAIL

● Patents 5,573,277 ●
● 5,697,648 ● 5,848,809 ●
● 1-UP Laser Form ●
● WUSA CMF-134 12/11 ●

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Maria J. Freeman, | ) | Case No.: 13-10017-BKC-JKO |
| | ) | |
| Debtor in Possession. | ) | Chapter 11 |
| _____ | ) | |

**ORDER GRANTING RELIEF FROM STAY TO ESTATE OF CHRISTOPHER VALLI**

THIS MATTER having come before the Court without hearing upon Motion of Karen Valli as Personal Representative of the Estate of Christopher Valli, deceased, because no response was filed under Local Rule 4001-1, it is:

ORDERED that Karen Valli as Personal Representative of the Estate of Christopher Valli, deceased is granted relief from the automatic stay of 11 U.S.C. § 362(a) and may proceed with suit against the debtor for the purpose of liquidating the amount of the claim, and to recover against the debtor's insurance carriers and other collateral sources, but may not attempt to execute upon or enforce judgment against the debtor or its property except with further permission from this Court.

1

###

Submitted by:

Craig A. Pugatch, Esq.
RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 NE Third Ave., Suite 1800
Ft. Lauderdale, FL 33301
Telephone 954-462-8000
Facsimile 954-462-4300

Copies furnished to:

Craig A. Pugatch, Esq.
RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 NE Third Ave., Suite 1800
Ft. Lauderdale, FL 33301

Jared F. Bossola, Esq.
JARED F. BOSSOLA, PLC
2720 N University Drive
Coral Springs, FL 33065

Joshua M. Entin, Esq.
ENTIN & DELLA FERA, P.A.
110 SE 6 ST STE 1970
Ft. Lauderdale, FL 33301

Daniel A. Velasquez, Esq.
VAN HORN LAW GROUP, P.A.
330 N Andrews AVE STE 450
Ft. Lauderdale, FL 33301

OFFICE OF THE U.S. TRUSTEE
51 SW 1 Ave #1204
Miami, FL 33130

Label Matrix for local noticing
113C-0
Case 13-10017-JKO
Southern District of Florida
Fort Lauderdale
Tue Oct 14 16:16:59 EDT 2014

JPMC Specialty Mortgage LLC
SHAPIRO, FISHMAN & GACH, LLP
4630 Woodland Corporate Blvd., Suite 100
Tampa, FL 33614-2429

3er Step Recovery Housing Group, Inc
547 NW 9th Avenue, Suite # 2
Fort Lauderdale, FL 33311-8113

Bank Of America
POB 17054
Wilmington, DE 19850-7054

Broward County Records, Taxes & Treasury
Attn:  Bankruptcy Section
115 S. Andrews Ave. # A-100
Ft. Lauderdale, FL 33301-1888

Capital One
PO Box 30281
Salt Lake City, UT  84130-0281

Chenara Anderson
1520 NW 4th Street
Fort Lauderdale, FL 33311-8814

Cornelis Hopman/Allyson Valenzuela
8022 NW 72nd Street
Tamarac, FL 33321-2764

Dermatologic Laser & Surgery Center
6550 N Federal Hwy
Fort Lauderdale, FL 33308-1400

GMAC Mortgage
POB 4622
Waterloo, IA 50704-4622

Broward County
   c/o Carl Kitchner
115 S Andrews Ave #423
Ft. Lauderdale, FL 33301-1826

PennyMac Loan Services, LLC
Aldridge Connors LLP
c/o Alice Blanco
3575 Piedmont Rd NE #500
Atlanta, GA 30305-1636

AFNI
POB 3097
Bloomington, IL 61702-3097

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Broward County Tax Collector
Governmental Center
115 S Andrews Ave
Fort Lauderdale, FL  33301-1895

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

ChiropracticUsa
300 N.W 70th Avenue, Suite 100
Plantation, FL 33317-2360

Credit Council, Inc.
1400 Miami Gardens Drive, Suite 216
North Miami Beach, FL 33179-4844

Douglas Dixon
8429 Hollis Lane
Vienna, VA 22182-5184

Gerald Properies C/O Viking Group
Riviera Beach, FL  33404

HSBC Bank USA, National Association, as Trus
c/o Owen Hare, Esq
6 Nashua Court
Suite D
Baltimore, MD 21221-3124

U.S. Bank National Association
c/o Wanda D. Murray, Esq
2901 Stirling Rd #208
Ft. Lauderdale, FL 33312-6529

Apim LLC
22568 Mission Blvd, Suite 525
Hayward, CA 94541-5116

Bank of America, N.A.
NC4-105-02-99
PO Box 26012
Greensboro, NC 27420-6012

California School Of Law
5276 Hollister Ave, Suite 262
Santa Barbara, CA 93111-2047

Chase
POB 24696
Columbus, OH 43224-0696

City Of Fort Lauderdale CRA
Attn: City Attorney Office
100 N. Andrews Ave.
Fort Lauderdale, FL 33301-1085

Dept Of Education/Nelnet
121 S 13th St
Lincoln, NE 68508-1904

First Federal Credit And Collection
POB 813787
Hollywood, FL 33081-3787

HSBC Bank USA, National Association, as Trus
FM2, Asset Backed Pass-Through Certifica
Select Portfolio Servicing, Inc.
P. O. Box 65450
Attn: Payment Processing
Salt Lake City, UT 84165-0450

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
c/o Samantha Carr
Shapiro, Fishman and Gache, LLP
4630 Woodland Coorporate Blvd.
Suite 100
Tampa, FL 33614-2429

James Levine
254 N. State Road 7
Margate, FL 33063-4557

Johnson & Walters P.A.
Suite 300,  1401 North University Drive
Coral Springs, FL 33071-6088

Joseph Mann & Creed
20600 Chagrin Blvd, Suite 550
Shaker Heights, FL 44122-5340

Karen McNair
Suite 301. 1401 North University Drive
Coral Springs, FL 33071-6088

Mccabe, Smith, Reynolds & Associates
1701 East Atlantic Blvd., Suite 5
Pompano Beach, FL 33060-6767

Memorial Healthcare Systems
2900 Corporate Way
Miramar, FL 33025-3925

Moody Plumbing Inc
McCabe Smith Reynolds & Assoc
1701 E Atlantic Blvd #5
Pompano Beach FL 33060-6767

Morgan, Oilsen & Olsen, LLP
633 S Federal Highway, Suite 400 A
Fort Lauderdale, FL 33301-3393

NCO Financial
POB 15372
Wilmington, DE 19850-5372

NCO Financial Systems, Inc
507 Prudential Road
Horsham, PA 19044-2368

National Alarm Systems
McCabe, Smith, Reynolds & Associates, In
1701 E Atlantic Blvd #5
Pompano Beach FL 33060-6767

Nelnet on behalf of US Dept of Education
3015 South Parker Road Suite 400
Aurora, CO 80014-2904

OCWEN Loan Servicing
1661 Worthington Rd #100
West Plam Beach, FL 33409-6493

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Orthopaedic Associates USA
350 N Pine Island Rd, Suite 200
Plantation, FL 33324-1849

PennyMac Loan Services, LLC
6101 Condor Drive
Suite 310
Moorpark, CA 93021-2602

Plantation Billing Center
POB 189016
Plantation, FL 33318-9016

Priority One Credit Union
POB 9264
Fort Lauderdale, FL 33310-9264

Property Asset Mgmt, Inc.
C/O Udren Law Offices
4651 Sheridan St, Ste #460
Hollywood, FL 33021-3428

Quantum3 Group LLC as agent for
Quantum3 Funding LLC
PO Box 788
Kirkland, WA  98083-0788

RJM Adquisitions LLC.
575 Underhill Blvd, Suite 224
Syosset, NY 11791-4437

Regent Bank
1100 Southeast 3rd Avenue
Fort Lauderdale, FL 33316-1110

Revenue Sys
28870 US 19 N
Clearwater, FL 33761-2596

Robert Stephenson
1118 Orren Street
NE Washington, DC 20002-3906

Select Physical Therapy
4716 Gettysburg Road
Mechanicsburg, PA 17055-4325

South Florida Regional Planning Council
3440 Hollywood Blvd, Ste 140
Hollywood, FL 33021-6900

Specialized Loan Services
8742 Lucent Blvd. Ste 300
Highlands Ranch, CO 80129-2386

Specialized Loan Servicing, LLC
Attention Bankruptcy Department
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129-2386

State Collection Service Inc.
POB 2509 S Stougnton Rd
Madison, WI 53701-2509

U.S. Bank National Association
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
1100 Virginia Ave, Suite 175
Ft. Washington, PA 19034-3204

Chad T Van Horn
330 N Andrews Ave #450
Ft Lauderdale, FL 33301-1012

Daniel A Velasquez
330 N Andrews Ave #450
Fort Lauderdale, FL 33301-1012

Leonardo Ortiz, Esq
Taylor & Ortiz PA
2455 E Sunrise Blvd #512
Ft Lauderdale, FL 33304-3108

Maria J Freeman
POB 14303
Ft Lauderdale, FL 33302-4303

Noel Escobar
Tally Consulting Group
11159 59 St N
Royal Palm Beach, FL 33411-8866

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank Of America
POB 982235
El Paso, TX  79998

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JPMC Specialty Mortgage LLC f/k/a WM Speci   (u)Specialized Loan Servicing, Llc

End of Label Matrix
Mailable recipients    66
Bypassed recipients     2
Total                  68